```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ROBERT W. SIBURT,

        Plaintiff,

v.                                      Civil Action No. 5:17CV113
                                                          (STAMP)
NANCY A. BERRYHILL,
Deputy Commissioner of
Social Security,

        Defendant.
```

**MEMORANDUM OPINION AND ORDER
DECLINING TO AFFIRM AND ADOPT REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE,
SUSTAINING DEFENDANT'S OBJECTIONS,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I. Procedural History

On June 27, 2013, the plaintiff, Robert Wiley Siburt, filed an application under Title II of the Social Security Act for a period of disability and disability insurance benefits ("DIB") and an application for supplemental security income ("SSI") under Title XVI of the Social Security Act. In the application, the plaintiff alleges disability that began on May 31, 2013. Plaintiff states that his "impairments include: degenerative disc disease of the cervical and lumbar spine; history of cerebrovascular accident; anxiety disorder; major depressive disorder; post-traumatic stress disorder (PTSD); bereavement; alcohol use disorder; and anxiolytic use disorder." ECF No. 11 at 3.

The Social Security Administration ("SSA") denied the plaintiff's application initially on October 15, 2013 and on reconsideration on January 27, 2014. The plaintiff then appeared with counsel at a hearing before an Administrative Law Judge ("ALJ") on December 3, 2015. At the hearing, the plaintiff, represented by counsel, testified on his own behalf, as did an impartial vocational expert. The ALJ issued an unfavorable decision to the plaintiff on March 1, 2016, finding that he was not disabled under the Social Security Act. The plaintiff then timely filed an appeal of the decision to the Appeals Council. On May 20, 2017, the Appeals Council denied the plaintiff's request for review. Plaintiff filed a written request for a hearing, which was held before a United States Administrative Law Judge ("ALJ") in Morgantown, West Virginia.

The ALJ used a five step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings:

    1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

    2. The claimant has not engaged in substantial gainful activity since May 31, 2013, the alleged onset date (20 CFR 404.1571 et seq.).

    3. The claimant has the following sever impairments: degenerative disc disease of the cervical and lumbar spine; history of cerebrovascular accident; anxiety disorder; major depressive disorder; post-traumatic stress disorder ("PTSD"); bereavement; alcohol use disorder; and anxiolytic use disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) (i.e. is able to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk, with normal breaks, for a total of about 6 hours in an 8-hour workday; sit, with normal break, for a total of about 6 hours in an 8-hour workday; with an unlimited ability to push and/or pull), except the claimant can only occasionally climb ladder, ropes, scaffolds, ramps, or stairs, balance stoop, kneel crouch, or crawl; must avoid moderate or occasional exposure to extreme cold, extreme heat, excessive vibration, and hazards (such as dangerous moving machinery and unprotected heights); is limited to simple, routine, and repetitive tasks, in a low stress job, defined as having only occasional decision making required, occasional changes in the work setting, and no strict production quotas; is capable of only occasional interaction with the general public, coworkers, and supervisors; and must be afforded the opportunity for brief, one to two minute, changes of positions, at intervals not to exceed thirty minutes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on December 21, 1964 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are

jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 31, 2013, through the date of this decision (20 CFR 404.1520(g)).

ECF No. 7-2 at 18-30.

Therefore, the ALJ found that "[b]ased on the application for a period of disability and disability insurance benefits filed on June 27, 2013, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act." ECF No. 7-2 at 30.

The plaintiff, by counsel, filed a complaint for judicial review of the ALJ's decision and final decision of defendant, Nancy A. Berryhill, Deputy Commissioner of Social Security, in this Court pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge Michael John Aloi. Both parties filed motions for summary judgment. ECF Nos. 11, 12. After consideration of those motions and the administrative record, the magistrate judge entered a report and recommendation. ECF No. 14.

The plaintiff argues in his motion for summary judgment that the defendant's decision is contrary to the law and is not supported by substantial evidence. Specifically, the plaintiff contends that: (1) the ALJ erred by "failing to find the claimant's sciatica to be a 'severe' impairment within the meaning of the regulations;" (2) the ALJ erred by "erroneously rel[ying] on the assessment of the state agency consultant"; (3) the ALJ erred by

4

finding that plaintiff can perform light work is not based on substantial evidence; and (4) the ALJ erred because credibility determination of plaintiff is not supported by substantial evidence.  ECF No. 11 at 9-15.

The defendant argues in her motion for summary judgment that the decision is supported by substantial evidence and should be affirmed as a matter of law.  Specifically, the defendant contends that: (1) the ALJ's decision was correct because "disability as defined by the act and regulations is stringent;" and (2) the ALJ's decision was based on substantial evidence because it "supports the ALJ's decision that Plaintiff could perform a range of unskilled, light work and, thus, [Plaintiff] was not disabled."  ECF No. 12.

In the report and recommendation, the magistrate judge analyzed the ALJ's decision and addressed the parties' contentions in turn.

First, the magistrate judge addresses the plaintiff's allegation that the ALJ committed reversible error by failing to find plaintiff's sciatica a "severe impairment" within the meaning of 20 C.F.R. 404.1505(a).  The magistrate judge found that "it was not error for the ALJ to find Plaintiff's sciatica non-severe, in and of itself, because the ALJ considered the combined effect of Plaintiff's designated severe impairments and non-severe sciatica (lower back pain)."  ECF No. 14 at 45.

5

Second, the magistrate judge addresses the plaintiff's argument that "the ALJ mischaracterized Plaintiff's ability to perform his daily activities and that his minimal daily activities are not representative of his ability to perform work activity." ECF No. 14 at 45. The magistrate judge noted that "the ALJ focused on Plaintiff's abilities to perform daily activities, but did not consider the extent that those activities are performed and the successfulness of each of those activities." ECF No. 14 at 50. The magistrate judge, after reviewing the ALJ's credibility determination, found that "the ALJ's consideration that a particular daily activity is initiated alone does not render her credibility determination to be based on substantial evidence." ECF No. 14 at 50. The magistrate judge further states that "[t]he ALJ should have considered how successful Plaintiff was at these activities and whether there were any changes in his abilities to complete these daily activities." ECF No. 14 at 50. The magistrate judge states that "the ALJ explicitly considered that Plaintiff attempted those activities and made no mention of the fact Plaintiff could not do some of them anymore and actually had to hire other people to complete these daily activities." ECF No. 14 at 50. "Until this has been considered, the [magistrate judge] does not consider the credibility to be based on substantial evidence and recommends that the District Court remand this portion of the case to the ALJ to consider whether Plaintiff's inability to

complete these tasks affects the credibility determination." ECF No. 14 at 50.

Third, the magistrate judge addresses the plaintiff's argument that the ALJ erred by assigning great weight to the assessment of the state agency consultant because the state agency did not examine the entirety of the medical records. ECF No. 14 at 50-51. The magistrate judge, after reviewing the record, found that "the ALJ did not err in her decision to assign great weight to the opinion of Dr. Lauderman, a non-examining source," and adds that "the ALJ provided a sufficiently explained rationale when assigning great weight to Dr. Lauderman's medical opinion." ECF No. 14 at 51. Additionally, the magistrate judge addressed the plaintiff's argument that "the ALJ should not have relied on Dr. Lauderman's Residual Functional Capacity ("RFC") assessment because Dr. Lauderman did not, and could not, rely on the totality of Plaintiff's medical records." ECF No. 14 at 52. In his review, the magistrate judge found that "no significant change occurred in the Plaintiff's condition from the RFC's issuance (2014) to the ALJ's decision (2016)," and that "ALJ's determination of whether the RFC's determination was reliable due to his mental conditions was adequately addressed throughout the ALJ's opinion." ECF No. 14 at 52, 53. Ultimately, the magistrate judge found that "that the ALJ's decision to assign great weight to the state agency consultant's medical opinion is appropriately and properly

7

supported by substantial evidence in the medical record." ECF No. 14 at 55.

Fourth, the magistrate judge addresses the plaintiff's argument that "the ALJ grossly underestimated the severity and RFC impact of his mental impairments." ECF No. 14 at 59. The magistrate judge found that "the ALJ's written decision makes it clear that Plaintiff's mental impairments, including the potential effect of Plaintiff's suicide attempt and bereavement from his son's passing, were substantially considered," and adds that "[t]he ALJ further supported her functional findings by considering the totality of Plaintiff's mental impairments." ECF No. 14 at 59. However, in turning to the ALJ's credibility determination, the magistrate judge found that "because this determination is partly assessed using Plaintiffs allegations concerning his own impairment, whether this was based on substantial evidence cannot be fully evaluated until the ALJ properly considers all factors of the credibility." ECF No. 14 at 60.

For these reasons, the magistrate judge recommended that plaintiff's motion for summary judgment (ECF No. 11) be granted in part and defendant's motion for summary judgment (ECF No. 12) be denied, and the decision of the Deputy Commissioner be vacated and this case be remanded. ECF No. 14 at 60.

The magistrate judge then advised the parties that,

> Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation,

8

> file with the Clerk of the Court written objections
> identifying the portions of the Report and Recommendation
> to which objections are made, and the basis for such
> objections. A copy of such objections should also be
> submitted to the Honorable Frederick P. Stamp, United
> States District Judge. Failure to timely file objections
> to the Report and Recommendation set forth above will
> result in waiver of the right to appeal from a judgment
> of this Court based upon such Report and Recommendation.
> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140
> (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985);
> <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

ECF No. 14 at 60.

The defendant filed objections to the magistrate judge's report and recommendation (ECF No. 15) and the plaintiff responded to the defendant's objections (ECF No. 18).

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 458 F. Supp. 825 (E.D. Cal. 1979). Because the defendant filed objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## III. <u>Discussion</u>

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must

uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)).

As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

Upon review of the magistrate judge's report and recommendation and the underlying record in this civil action, this Court finds no clear error as to those portions of the recommendation to which no objection was made. Accordingly, under the appropriate standard of review, the magistrate judge's findings, to which no objections were made are upheld.

However, this Court has conducted a de novo review of those portions of the recommendation to which the defendant filed objections. To the extent the defendant specifically objects to the magistrate judge's finding that substantial evidence did not support the ALJ's credibility analysis (ECF No. 15 at 2), this Court finds that it is appropriate to sustain the defendant's objection and thus, decline to adopt the recommendation of the magistrate judge.

In his report and recommendation in regard to the ALJ's credibility assessment, the magistrate judge found that "the ALJ focused on Plaintiff's abilities to perform daily activities, but did not consider the extent that those activities are performed and the successfulness of each of those activities." ECF No. 14 at 50. The magistrate judge added that "the ALJ's consideration that a particular daily activity is initiated alone does not render her credibility determination to be based on substantial evidence" and adds that "[t]he ALJ should have considered how successful Plaintiff was at these activities and whether there were any changes in his abilities to complete these daily activities." ECF No. 14 at 50. The magistrate judge found that the ALJ properly considered the plaintiff's activities but "made no mention of the fact Plaintiff could not do some of them anymore and actually had to hire other people to complete these daily activities." ECF No.

14 at 50. The magistrate judge concluded that the ALJ's credibility assessment was not based on substantial evidence. Id.

The defendant filed objections, asserting that the magistrate judge erred by finding that substantial evidence did not support the ALJ's credibility analysis. ECF No. 15 at 2. Particularly, "the Commissioner objects to Section IV.C.2 of the R&R (pp. 45-50), wherein the magistrate judge found that the ALJ erred in her credibility analysis, and section IV.C.4 of the R&R (pp. 55-60), to the extent that the magistrate judge found that the ALJ's residual functional capacity (RFC) assessment was flawed due to the ALJ's purported error in the credibility." ECF No. 15 at 1. This Court has reviewed the defendant's objections and finds that defendant essentially asserts one objection as to the magistrate judge's findings regarding the ALJ's credibility analysis.

The plaintiff responded to the defendant's objections. ECF No. 18. The plaintiff contends that the magistrate judge correctly concluded that the ALJ's credibility determination of plaintiff's abilities was not based on substantial evidence and that defendant's objections to the report and recommendation should be denied and the case remanded. ECF No. 18 at 1.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." Hays v.

Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In reviewing for substantial evidence, the court does not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012)(brackets, citation, and internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

On de novo review, this Court finds that in regard to plaintiff's credibility, the ALJ stated as follows:

> Turning to the claimant's credibility, while the undersigned acknowledges that the claimant has a consistent work history, the undersigned has also considered the claimant's daily living activities, and finds that such activities do not support the presence of debilitating functional limitations. Indeed, as discussed above, the claimant participates in fairly significant daily living activities, including caring for his teenage daughter, cooking basic meals, performing yard work, performing light household chores, using a riding lawn mower, shopping in stores, watching television, attending church, and getting outside every other day (Exhibit 3E). Overall, the undersigned finds these activities consistent with the ability to perform unskilled light work.

13

ECF No. 7-2 at 28.

The ALJ found that "[t]he above factors detract from the credibility of the claimant's allegations concerning the severity of his symptoms." ECF No. 7-2 at 28. While the ALJ acknowledged that "[t]he foregoing evidence does indicate the claimant to have impairments, which are likely to impose some functional limitations," the ALJ ultimately concluded that "these findings are not indicative of any intractable condition that would preclude the claimant from performing unskilled work activity at the light level for 12 consecutive months." ECF No. 7-2 at 28. The ALJ expressly acknowledged the plaintiff's treatment history, stating that it "fails to demonstrate a condition of the degree of severity which the claimant has alleged". ECF No. 7-2 at 28. Further, the ALJ explicitly referenced the plaintiff's daily living activities, finding that the activities "are not limited to the extent one would expect, given his complaints of disabling symptoms and limitations." ECF No. 7-2 at 28. Accordingly, the ALJ determined that the "claimant's credibility is, at best, fair." ECF No. 7-2 at 28.

Because the ALJ has the opportunity to observe the demeanor of the claimant, the ALJ's observations concerning the claimant's credibility are given great weight. Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984). This Court has determined that "[a]n ALJ's credibility determinations are 'virtually unreviewable' by

14

this Court." Ryan v. Astrue, No. 5:09cv55, 2011 WL 541125, at *3 (N.D. W. Va. Feb. 8, 2011). If the ALJ meets the basic duty of explanation, "[w]e will reverse an ALJ's credibility determination only if the claimant can show it was 'patently wrong.'" Sencindiver v. Astrue, No. 3:08cv178, 2010 WL 446174, at *33 (N.D. W. Va. Feb. 3, 2010) (quoting Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000)).

As the ALJ explained throughout her decision, plaintiff's credibility was undermined not only by his ability to perform daily activities, but also by the other 20 C.F.R. § 404.1529(c) factors, including the objective medical evidence, location, duration, and intensity of his pain and symptoms, precipitating and aggravating factors, the type, dosage, effectiveness, and side effects of any medication, treatment, and measures to relieve his pain. On de novo review, this Court finds that the ALJ's explanation of her conclusions on the plaintiff's credibility is adequate and that the ALJ's credibility determination is supported by substantial evidence.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and, after a de novo review, this Court finds that substantial evidence supports the ALJ's findings. Accordingly, this Court declines to adopt and affirm the magistrate judge's report and recommendation, sustains the defendant's objections, and affirms the decision of the ALJ.

## IV. Conclusion

For the reasons set forth above, this Court declines to adopt the report and recommendation of the magistrate judge (ECF No. 14) and sustains defendant's objections to the report and recommendation (ECF No. 15). Accordingly, defendant's motion for summary judgment (ECF No. 12) is GRANTED, and the plaintiff's motion for summary judgment (ECF No. 11) is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 12, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE